■ Michael Proc, Appellant, v. J. Vincent Hall et al., Respondents.— Appeal from an order dismissing the complaint for failure to state facts sufficient to constitute a cause of action, the action being "to compel defendants to execute a second mortgage". The order further provided "that the action herein has been superceded and become academic by reason of the fact that plaintiff has instituted a foreclosure action and seeks summary judgment of foreclosure of a mortgage upon the premises to which this action relates". Order reversed for the same reasons set forth in the action of *Proc* v. *Hall* (7 A D 2d 806), with $10 costs to appellant. Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur.

■ Michael Proc, Appellant, v. J. Vincent Hall et al., Respondents.— Appeal from an order dismissing the complaint for failure to state facts sufficent to constitute a cause of action, the action being "to set aside conveyance of real estate". The order further provided "that the action herein has been superceded and become academic by reason of the fact that plaintiff has instituted a foreclosure action and seeks summary judgment of foreclosure of a mortgage upon the premises to which this action relates". The motion is apparently under subdivision 3 of rule 107 of the Rules of Civil Practice which provides for a dismissal of the complaint founded on an affidavit stating facts tending to show "That there is another action pending between the same parties for the same cause." Without passing on this phase of the case we turn to the sufficiency of the complaint which allegations therein, for the purpose of this motion, are accepted as true. Upon examination we find the complaint states a good cause of action, alleging that the defendants Hall, with intent to defraud the plaintiff, conveyed the real property to the defendant Petroskey, without consideration, who had knowledge of their (Halls') fraudulent intent. Order reversed, with $10 costs to the appellant, and motion denied. Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur.